IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK THOMAS, | ) |
|              Plaintiff, | ) |
| vs. | ) Case No. 16-cv-00896-JPG |
| LAKIN, | ) |
|              Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Frank Thomas, who is currently detained at Madison County Jail ("Jail") in Edwardsville, Illinois, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Sheriff Lakin. Plaintiff claims that the sheriff interfered with the free exercise of his religion by denying Plaintiff's request for a copy of the Qur'an, a prayer mat, religious worship services, and a religious diet[1] on August 27, 2015 (Doc. 2, p. 2; Doc. 2-1, pp. 1-3). According to the Complaint, the Jail makes religious materials and worship services available to Christians (Doc. 2-1, pp. 1-3). However, Sheriff Lakin has implemented no comparable policy for Muslims. In connection with this claim, Plaintiff seeks monetary damages and injunctive relief (*id.*).

This claim was severed from Plaintiff's original Complaint pursuant to a Memorandum and Order dated August 9, 2016. *See Thomas v. Splittorff*, No. 15-cv-0988-NJR (S.D. Ill. 2015) ("original case") ("Count 6," original case). "Count 6" is the only claim at issue in this severed case. It is now subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.

---

[1] He specifically requested a pork- and collagen-free diet.

28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). "Count 6," which is renumbered to "Count 1" below, survives preliminary review under this standard.

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the severed claim into the following count:

> **COUNT 1:** **Sheriff Lakin denied Plaintiff's request for a Qur'an, prayer rug, religious worship services, and a religious diet on August 27, 2015, in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc-1(a)) (Count 6, original case).**

Ordinarily, a complaint that a jail official infringed on an inmate's religious rights includes a claim under the First Amendment Free Exercise Clause and a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The First Amendment prohibits prison officials from imposing a substantial burden on the free exercise of religion unless the burden is reasonably related to a legitimate penological interest. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). RLUIPA offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); 42 U.S.C. § 2000cc-5(7)(A). RLUIPA applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc-5(4).

Plaintiff may proceed with his individual and official capacity claims against

Sheriff Lakin under the First Amendment. The allegations in the Complaint suggest that the sheriff may have interfered with Plaintiff's ability to freely exercise his religion by denying his request for a Qur'an, prayer rug, worship services, and religious diet on August 27, 2015. In addition, the sheriff allegedly failed to implement a policy generally authorizing access to these religious items for Muslim inmates. The First Amendment claim against Sheriff Lakin, in his individual and official capacity, is thus subject to further review.

Plaintiff shall also be allowed to proceed with his official capacity claim for injunctive relief against Sheriff Lakin under RLUIPA. However, his individual capacity claim against this defendant shall be dismissed. RLUIPA "does not create a cause of action against state employees in their personal capacity," thus barring the individual capacity claim for money damages against Sheriff Lakin. *Id*. (citing *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009)). That portion of Count 1 encompassing the individual capacity claim for money damages under RLUIPA shall be dismissed with prejudice; all other portions of this claim shall proceed against Sheriff Lakin.

## Disposition

**IT IS HEREBY ORDERED** that the individual capacity claim against Defendant **LAKIN** for monetary damages under RLUIPA in **COUNT 1** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** is otherwise subject to further review against Defendant **LAKIN**. This includes the official capacity claim against this defendant under RLUIPA, as well as the individual and official capacity claims against Defendant Lakin under the First Amendment.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **LAKIN**: (1) Form

5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Order dated August 9, 2016 (Doc. 1), the Complaint (Doc. 2), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 12, 2016**

**s/J. Phil Gilbert**
**U.S. District Judge**